**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MAHMOUD SABER AYYAD,

Petitioner,

v.

Case No. 1:26-cv-02858-MIS-JMR

WARDEN, Torrance County Detention Facility; DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, El Paso Field Office Director, Enforcement and Removal Operations; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, Attorney General of the United States,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner Mahmoud Saber Ayyad's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed August 28, 2026. The federal Respondents filed a Response on September 14, 2026 ("Response").[1] ECF No. 6. Petitioner replied ("Reply") on September 21, 2026. ECF No. 7. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

## I. Background

Petitioner was born in East Jerusalem after his parents fled their home in Khirbat al-Umur. Pet. at ¶ 17. Although Petitioner claims citizenship of the Palestinian Authority, the Executive Office for Immigration Review's Automated Case information identifies his citizenship as that of

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 3. However, as has become customary in these cases, the Warden did not respond to the Petition.

Israel. Id. at ¶ 11; EOIR. After being arrested by the Palestinian Authority because of his relationships with Israeli citizens in the late 1990s, Petitioner came to the United States on April 10, 2001. Pet. at ¶¶ 20-23. For almost two decades, Petitioner did security work to prevent shoplifting for gas stations and liquor stores in Illinois. Id. at ¶ 26. Petitioner had a criminal conviction for driving while intoxicated in 2005 and for battery, while attempting to prevent shoplifting, in 2010. Id. at ¶ 27. In addition, in 2017, Petitioner was arrested on a weapons charge when a man robbed the liquor store where he worked and Petitioner grabbed a baseball bat to defend himself; but when the police arrived the robber had fled, and police mistakenly believed that Petitioner was the robber. Id. The charges were dropped. Id. In 2017, Petitioner started a construction company. Id. at ¶ 28.

Petitioner has applied for asylum, withholding of removal, and protection under the Convention Against Torture, based on his fear that the Palestinian Authority will retaliate against him because of his relationships with Israeli citizens. Id. at ¶ 32. On February 18, 2026, Immigration Customs and Enforcement ("ICE") detained Petitioner, and he has been detained ever since. Id. at ¶ 33. He is currently detailed at the Torrance County Detention Facility in Estancia, New Mexico. Id.

On May 20, 2026, approximately three months after his detention, Petitioner was provided with a custody redetermination. Id. at ¶ 36 and Ex. H. The Immigration Judge denied bond, finding Petitioner to be a flight risk because of a lack of fixed address, insufficient work history, and a speculative form of relief. Id. The Immigration Judge also found Petitioner to be a danger to the community based on the mistaken 2017 weapons charge. Id. On July 31, 2026, Petitioner filed a Motion for Subsequent Bond Redetermination and resubmitted exhibits that he previously submitted, including address information, work history, and additional information about the

mistaken 2017 weapons charge. Id at ¶¶ 37-39. On August 5, 2026, the Immigration Judge again denied bond, writing only "Respondent failed to carry the burden of proof to establish that he is not a flight risk." Id. at ¶ 41, Ex. I.

Petitioner argues that his continued detention violates his Fifth Amendment right to due process because the bond redeterminations unconstitutionally placed the burden on him to establish that he was not a flight risk. Id. at ¶¶ 50-55. Petitioner also argues that his detention, now over 7 months in duration, violates his Fifth Amendment right to due process because it has become unreasonably prolonged and removal is not reasonably foreseeable. Id. at ¶¶ 56-60. He seeks immediate release. Id. at p. 25.

**II. Legal Standard**

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

### III. Discussion

In their Response, Respondents first argue that 8 U.S.C. § 1226(e) deprives the Court of jurisdiction to review the Immigration Judge's bond determination. Resp. at 4-5. Next, Respondents argue that Petitioner did not exhaust his administrative remedies because he failed to appeal the bond determination to the Board of Immigration Appeals. Id. at 5-6. Finally, Respondents address the merits of the Petition, arguing that placing the burden on a petitioner to establish he is not a flight risk does not violate a petitioner's due process rights and a detention exceeding six months does not automatically require either a new bond determination or a petitioner's release. Id. at 6-9.

The Court can quickly dispense of the Respondents' first argument. Petitioner does not ask the Court to review the Immigration Judge's bond ruling; rather Petitioner suggests that bond hearing did not provide a constitutionally adequate process because it placed the burden on him and also that his prolonged detention violates Fifth Amendment due process rights. Section 1226(e) does not bar courts from reviewing constitutional challenges, as are raised in the Petition. Demore v. Kim, 538 U.S. 510, 517 (2003).

Respondents' exhaustion argument also is without merit. In the Tenth Circuit, "[t]he exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief, although we recognize that the statute itself does not expressly contain such a requirement." Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010) (citation omitted). There is a narrow exception if the Petitioner "can demonstrate that exhaustion is futile." Id. (citation omitted). Petitioner argues that appealing the bond order would be futile because the BIA "lack[s] any authority to consider the constitutionality of the statutes or regulations governing immigration detention that they administer and are bound to follow." Rep. at 2. Courts have made exceptions to the exhaustion

requirement where a petitioner's ultimate challenge is constitutional and not dependent on a predicate statutory argument. See Vicente Elias v. Mukasey, 532 F.3d 1086, 1094 (10th Cir. 2008); Gonzalez v. O'Connell, 355 F.3d 1010, 1017 (7th Cir. 2004); Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994). Here, Petitioner raises constitutional challenges that the BIA lacks authority to review. Thus, the Court examines the merits of the Petition.

First, Petitioner argues that the August 5, 2026, hearing was not constitutionally adequate because the Immigration Judge placed the burden on him to demonstrate he was not a flight risk. Pet. at ¶¶ 51-55 (collecting cases). The Court recognizes the Tenth Circuit has not spoken on the question and notes further that in instances where courts have placed the burden on the government to establish the Petitioner is a flight risk, they have done so when ordering a bond hearing after a prolonged detention. Hernandez-Lara v. Lyons, 10 F.4th 19, 39 (1st Cir. 2021) (placing burden on government when ordering a second bond hearing after petitioner had been detained for ten months); Velasco Lopez v. Decker, 978 F.3d 842, 846-47 (2d Cir. 2020) (placing burden on government when ordering a second bond hearing after petitioner had been detained for fifteen months and ICE had refused to produce petitioner for pending criminal proceedings while detained, inhibiting his ability to prove he was not a danger to the community); Abanil v. Baltazar, 817 F. Supp. 3d 1148, 1159 (D. Colo. Jan. 14, 2026) (placing burden on the government when ordering a bond hearing where Petitioner had been detained for more than six months without a bond hearing); Pu Sacvin v. De Anda-Ybarra, No. 2:25-cv-01031-KG-JFR, 2025 WL 3187432, at *3 (D.N.M. Nov. 14, 2025) (same); but see Rodriguez Diaz v. Garland, 53 F.4th 1189, 1210 (9th Cir. 2022) (rejecting constitutional challenge to procedure that placed burden of proof on the petitioner during a bond hearing pursuant to § 1226(a)); Miranda v. Garland, 34 F.4th 338, 361 (4th Cir. 2022) (same).

The Court need not delve into the question of whether Petitioner was denied due process because the Immigration Judge placed the burden of proof on him during the August 5, 2026, bond hearing. That is because Petitioner's prolonged detention violates his substantive due process rights under the Fifth Amendment for the reasons identified in Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026), which the Court hereby adopts. Briefly, Petitioner may not be "punished" without being accorded the substantive and procedural due process guarantees of the Fifth Amendment, Rodriguez-Fernandez v. Wilkinson, 654 F.2d 1382, 1387 (10th Cir. 1981); under the circumstances of this case, Petitioner's indefinite, ongoing detention of over seven months, with no reasonably foreseeable end in sight,[2] is excessive in relation to the Government's legitimate, nonpunitive purpose of facilitating removal; and, therefore, Petitioner's detention is punitive and a violation of his Fifth Amendment substantive due process rights, id.; see also Zadvydas v. Davis, 533 U.S. 678, 699-701 (2001); Rosales-Garcia v. Holland, 322 F.3d 386, 411-13 (6th Cir. 2003); Sanchez Lopez v. Blanche, No. 1:26-CV-1915-MIS-SCY, 2026 WL 1960834, at *3 (D.N.M. July 7, 2026); Dominguez v. Warden, Case No. 1:26-

---

[2] As in Mardanpour, "Petitioner's appeal to the BIA and, if unsuccessful there, to the Tenth Circuit Court of Appeals, could take years." 2026 WL 963164, at *6.

> As the Department of Justice recently stated, after the Attorney General reduced the BIA's size by nearly one half in early 2025, there has been an "unprecedented B[IA] caseload." Appellate Procedures for the Board of Immigration Appeals, 91 Fed. Reg. 5267, 5270 (Feb. 6, 2026). Indeed, "between fiscal year 2015 and the end of fiscal year 2025, the B[IA]'s pending case load increased more than five-fold—from 37,285 pending appeals to 202,946 pending appeals," leaving the BIA "at a point where, even were it to have additional resources and better management, . . . it would not be able to keep up with incoming filings while tackling the backlog in any meaningful way." Id. (citing Executive Office of Immigration Review ("EOIR"), Adjudication Statistics: All Appeals Filed, Completed, and Pending (Nov. 18, 2025), https://www.justice.gov/eoir/media/1344986/dl?inline [https://perma.cc/88C5-MU4N]). Thus, "the B[IA] largely functions now as simply a vessel for further delay of the eventual resolution of [a noncitizen's] case." Id. at 5271.

Segura Serrano v. Scott, CASE NO. 2:26-cv-01268-LK, 2026 WL 1674357, at *3 (W.D. Wash. 2026). In any event, Respondents present no evidence or argument that Petitioner's removal is imminent in the reasonably foreseeable future.

cv-02310-MIS-GBW, 2026 WL 2186326, at *2 (D.N.M. July 29, 2026); Yang v. Warden, Case No. 2:26-cv-02266-MIS-GJF, 2026 WL 2186338, at * 2 (D.N.M. July 29, 2026); Pereira v. Ortiz, Case No. 1:26-cv-02158-MIS-GBW, 2026 WL 2110814, at *2 (D.N.M. July 22, 2026); Mardanpour, 2026 WL 963164, at *3-8; Rasoli v. Mullin, Case No. 2:26-cv-01460-MIS-SCY, 2026 WL 1662615, at *3-4 (D.N.M. June 9, 2026); Marquez v. Warden, Case No. 2:26-cv-01527-MIS-SCY, 2026 WL 1557180, at *2 (D.N.M. June 2, 2026); Ahmadi v. De Anda-Ybarra, Case No. 1:26-cv-00897-MIS-DLM, 2026 WL 1121981, at *3 (D.N.M. Apr. 24, 2026); Harutyunyan v. Lyons, Case No. 2:26-cv-01020-MIS-GBW, 2026 WL 1078958, at *1 (D.N.M. Apr. 21, 2026).

Upon finding a person is "in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2241(c), a district court may grant a writ of habeas corpus and "dispose of the matter as law and justice so require[,]" 28 U.S.C. §§ 2241(a), 2243. The "typical remedy" for "unlawful executive detention" is release from custody. Munaf v. Geren, 553 U.S. 674, 693 (2008); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Respondents have failed to articulate a legitimate interest in Petitioner's continued detention. Therefore, the Court finds that immediate conditional release is the appropriate remedy. See Boumediene v. Bush, 553 U.S. 723, 779 (2008) ("[T]he habeas court must have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.").

In addition, the Court retains jurisdiction to ensure compliance with its Order and to entertain any motion for attorneys' fees.

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner Mahmoud Saber Ayyad from custody/detention, subject to reasonable conditions of release, such as electronic monitoring and regular check-ins;

3. Respondents shall return all of Petitioner's seized belongings to Petitioner;

4. Respondents **SHALL NOT** re-detain Petitioner absent (1) evidence that Petitioner has committed a crime or absconded in his administrative immigration proceedings, or (2) a valid final order of removal and concrete travel plans to remove Petitioner from the United States; and

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motion for attorneys' fees.

.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE